**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50205 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00166-PA |
| v. | |
| PAUL FISCHER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Paul Fischer appeals from the supervised release conditions imposed

following his guilty-plea conviction for maintaining a drug-involved premises, in

violation of 21 U.S.C. § 856(a)(1). We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm in part, vacate in part, and remand for resentencing.

Fischer contends that the district court abused its discretion by imposing the mandatory condition of drug testing, and by imposing a number of special conditions of supervised release. Because Fischer did not object at sentencing, we review his contentions for plain error. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008).

The district court did not err in imposing a drug testing condition during Fischer's supervised release because drug testing is a required condition of supervised release. *See* 18 U.S.C. § 3583(d). Further, the district court did not err when it imposed a condition requiring Fischer to perform 20 hours of community service. *See Vega*, 545 F.3d at 748-49.

The district court plainly erred, however, by imposing supervised release conditions relating to alcohol use and participation in a substance abuse treatment programs, because there was no evidence at the time of sentencing that Fischer had an alcohol or substance abuse problem. *See United States v. Betts*, 511 F.3d 872, 877-79 (9th Cir. 2007). As a result, we vacate that portion of the sentence and remand.

**AFFIRMED in part; VACATED and REMANDED in part.**